UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK CLARKE, an individual; CHRISTINE BAUKNECHT, an individual; MARY ANN DAVIS, an individual; FREDA LORRIAINE TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH AND SERVICES – WASHINGTON D/B/A PROVIDENCE; PROVIDENCE ST. MARY MEDICAL CENTER; AND PROVIDENCE MEDICAL GROUP D/B/A PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY, A/K/A PMG NEUROSCIENCE INSTITUTE, WALLA WALLA A/K/A NEUROSCIENCE INSTITUTE D/B/A PROVIDENCE,<br><br>Defendants. | NO. 2:24-CV-0434-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

1　　　　BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 14).

2  This matter was submitted for consideration without oral argument.  The Court has

3  reviewed the record and files herein and is fully informed.  For the reasons

4  discussed below, Defendants' Motion to Dismiss (ECF No. 14) is **DENIED**.

5　　　　　　　　　　　　　　　　**BACKGROUND**

6　　　　Plaintiffs bring this action alleging various state law claims against

7  Defendants.  ECF No. 1.  Defendants now seek a dismissal of Plaintiffs' action or

8  alternatively a stay of proceedings under the "first to file" rule based on parallel

9  pending litigation, *Angulo v. Providence Health & Servs. Washington*, No. 4:25-

10  CV-05029-SAB, involving similar issues and similar defendants currently before

11  Judge Stanley Bastian in the Eastern District of Washington.

12　　　　*Angulo* was originally filed as a class action in King County Superior Court

13  on May 13, 2022, and was later removed to the U.S. District Court for the Western

14  District of Washington by the defendants.  *Angulo*, No. 4:25-CV-05029-SAB,

15  2025 WL 1192679, at *1 (E.D. Wash. Apr. 24, 2025).  The plaintiffs in *Angulo*

16  moved to certify the classes presented in their complaint on December 29, 2023.

17  *Angulo*, No. 2:22-CV-0915-JLR, ECF No. 132.  The Western District of

18  Washington court denied the plaintiffs' motion for class certification on August 9,

19  2024, and later clarified such denial was without prejudice.  *Angulo*, No. 2:22-CV-

20  0915-JLR, ECF Nos. 184, 197.  The plaintiffs filed a Fourth Amended Complaint

seeking to add additional plaintiffs including Plaintiffs named in this proceeding, however, it was struck in its entirety by the court. *Angulo*, No. 2:22-CV-0915-JLR, ECF No. 223. Therefore, Plaintiffs in this case are not named plaintiffs in *Angulo* but do not dispute that they remain putative class members. ECF No. 23 at 8. The plaintiffs in *Angulo* filed their Fifth Amended Complaint on November 15, 2024, seeking to certify two classes of plaintiffs and add additional claims. *Angulo*, 2025 WL 1192679, at *1. However, no formal motion for certification was filed. *Id.* at *3.

The case was transferred to the U.S. Eastern District of Washington on March 19, 2025, where several related matters were pending. *Id.* at *1. On July 2, 2025, the presiding judge, Judge Bastian, issued an order setting the briefing schedule for a proposed motion for class certification. *Angulo*, 4:25-CV-05029-SAB, ECF No. 324. Briefing is set to conclude by March 16, 2026. *Id.* Judge Bastian also ordered the consolidation of *Angulo* with two other related matters before him, *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB] and *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB], "for the purpose of considering the class certification issue presented in *Angulo*." *Angulo*, 4:25-CV-05029-SAB, ECF No. 309 at 4.

The present action, filed December 24, 2025, brings similar claims against the same Providence defendants named in *Angulo*. ECF No. 1.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 3

## DISCUSSION

The first to file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir 1982); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011). However, it may also be applicable where such an action has already been filed before a different judge within the same district. *See Olin Corp. v. Cont'l Cas. Co.*, No. 2:10-CV-00623-GMN, 2011 WL 1337407, at *2 (D. Nev. Apr. 6, 2011). In applying the first to file rule, a district court examines (1) the chronology of the filed actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Defendants argue consideration of the three factors under the "first to file" rule warrants dismissal in this case. ECF No. 14 at 4. First, Defendants argue Plaintiffs here were the same plaintiffs in *Angulo* which was filed in August 2024, yet Plaintiffs filed the present action five months later. ECF No. 14 at 4. Second,

the parties here and in *Angulo* are substantially similar as Plaintiffs are part of the putative class in *Angulo* and the named defendants substantially overlap with the *Angulo* defendants. *Id.* at 4-5. And third, Defendants contend the legal issues in both cases are substantially similar. *Id.* at 5.

Defendants assert that if the Court is not inclined to dismiss the case with prejudice, it should alternatively stay all proceedings until either *Angulo* is resolved or the issue of class certification is decided. ECF No. 14 at 5-6. Defendants contend that as members of the putative class in *Angulo*, Plaintiffs claims may be subject to preclusion if adjudicated therein. *Id.* at 6.

Plaintiffs oppose a dismissal or a stay under the "first to file" rule. They respond that they do not dispute that *Angulo* was filed first or that the present action and *Angulo* raise similar issues but argue Defendants cannot meet the "similarity of the parties" element. ECF No. 23 at 7. Plaintiffs are not currently parties in the *Angulo* case and assert they intend to opt out of any class action when and if the class is certified. *Id.* at 7-8.

Plaintiffs additionally argue that even if the first to file rule may be applicable, the Court should in its discretion disregard it in the interest of equity. *Id.* at 8. Plaintiffs explain that Defendants are presently arguing in *Angulo* that the Western District court's order striking plaintiffs' class allegations and motion for class certification ends any tolling of the statute of limitations for unnamed

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 5

1 members of the class. *Id.* at 4.  Thus, if Defendants succeed with their argument to

2 prevent class certification in *Angulo* and succeed in dismissing this case with

3 prejudice, Plaintiffs' claims will be time-barred, and Plaintiffs will be without any

4 available remedies for their injuries.  *Id.*  Finally, Plaintiffs argue the Court should

5 reject Defendants' alternative request to stay the case because Plaintiffs are not

6 party to the *Angulo* case and will therefore not be bound by any of its rulings.  ECF

7 No. 23 at 10.

8       Defendants reply that Plaintiffs' declarations that they intend to opt out of

9 the class if it is certified in *Angulo* does not preclude the "first to file" rule because

10 the class has yet to be certified, and Plaintiffs are still putative class members.

11 ECF No. 29 at 3-4.

12       The Court agrees that there is no dispute that the *Angulo* action was filed

13 before this case and the two contain similar issues.  As to the similarity of the

14 parties factor, Plaintiffs are not currently named parties in the *Angulo* action, but

15 they are putative class members.  *Angulo*, 4:25-CV-05029-SAB, ECF No. 310 at

16 87-88.  When assessing the similarity of the parties in the context of class actions,

17 courts generally consider whether the putative class members, rather than the

18 named individuals, are substantially similar.  *See Edmonds v. Amazon.com, Inc.*,

19 No. C19-1613JLR, 2020 WL 5815745, at *4 (W.D. Wash. Sept. 30, 2020); *Bewley*

20 *v. CVS Health Corp.*, No. C17-802RSL, 2017 WL 5158443, at *2 (W.D. Wash.

Nov. 7, 2017). As a district court out of the Central District of California explained, if the first to file rule did not apply until after class certification occurred, parties would have likely already expended substantial resources towards pleadings, motions practice, and class discovery. *Booker v. Am. Honda Motor Co.*, No. 2:20-CV-05166-SVW, 2020 WL 7263538, at *3 (C.D. Cal. Oct. 20, 2020). Such a result is inconsistent with "the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity." *Kohn*, 787 F.3d at 1240.

In this case, the risk of expending substantial resources is not present because Plaintiffs are not bringing a separate class action and have submitted sworn declarations that they each intend to opt out of the class in *Angulo* if certification occurs. ECF Nos. 25, 26, 27, 28. Thus, the Court agrees with other districts that have concluded that there is no point in a dismissal or a stay where a plaintiff swears to opt out of the class and is not proposing any type of class competition with the first-filed class action. *See Murphy v. J.B. Hunt Transp. Servs., Inc.*, No. CV 10-01568 WHA, 2010 WL 2106191, at *1 (N.D. Cal. May 25, 2010); *see also Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1150 (E.D. Cal. 2018); *Cousins v. Walmart Stores Inc.*, No. 1:15-CV-00318-DBH, 2015 WL 10487975, at *2 (D. Me. Sept. 14, 2015). Defendants' concern of inconsistent rulings if this case is not at least stayed does not persuade the Court. Such a risk

exists regardless of whether the matter is stayed or not as Plaintiffs will not be bound by any judgments in the *Angulo* matter.

Additionally, Defendants' reliance on Judge Bastian's consolidation of *Angulo* with the two other similar cases, *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB] and *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB] is also misplaced as Judge Bastian resides over all three cases and the plaintiffs in *Goold* and *Sells* have indicated the possibility of rejoining the *Angulo* class if certified.  *Goold*, 4:25-CV-05025-SAB, ECF No. 25 at 10; 4:24-CV-5160-SAB, ECF No. 33 at 9.  Neither is the case here.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 14) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 11, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 8