1  Ashley E.M. Gammell, WSBA #50123                              Hon. Thomas O. Rice
   Katherine L. Hollingsworth, WSBA #61304
2  Arnold & Porter Kaye Scholer LLP
   1420 5th Avenue, Suite 1400
3  Seattle, WA 98101
   Phone: (206) 288-0118
4  Ashley.Gammell@arnoldporter.com
   Katie.Hollingsworth@arnoldporter.com
5
   Attorney for Defendants
6

7

8                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF WASHINGTON
9                                  AT SPOKANE

10

11 PATRICK CLARKE, an individual; CHRISTINE
   BAUKNECT, an individual; MARY ANN DAVIS,          No. 2:24-cv-00434-TOR
   an individua; FREDA LORRAINE TAYLOR, an
12 individual,                                       **STIPULATED PROTECTIVE
                                                     ORDER**
13                    Plaintiffs,

14        v.

15 PROVIDENCE ST. JOSEPH HEALTH;
   PROVIDENCE HEALTH & SERVICES;
16 PROVIDENCE HEALTH & SERVICES –
   WASHINGTON D/B/A PROVIDENCE;
17 PROVIDENCE ST. MARY MEDICAL CENTER;
   AND PROVIDENCE MEDICAL GROUP D/B/A
18 PROVIDENCE MEDICAL GROUP SOUTHEAST
   WASHINGTON NEUROSURGERY A/K/A PMG
19 NEUROSCIENCE INSTITUTE, WALLA WALLA
   A/K/A NEUROSCIENCE INSTITUTE D/B/A
20 PROVIDENCE,

21                    Defendants.

22

23        Plaintiffs and Defendants, by and through their undersigned counsel, respectfully move

24 for entry of the following Stipulated Protective Order to expedite and facilitate production of

25 confidential, proprietary, or private information for which special protections from public

26

27 STIPULATED PROTECTIVE ORDER                                  **Arnold & Porter Kaye Scholer LLP**
   CASE NO. 2:24-CV-00434-TOR                                          U.S. Bank Center
28                                                                1420 5th Avenue, Suite 1400
                                                                      Seattle, WA 98101

1    disclosure and from use for any purpose other than prosecuting and defending this litigation

2    would be warranted, pursuant to Federal Rule of Civil Procedure 26(c).

3         The parties agree that good cause exists to protect the confidential nature of the

4    information contained in documents, interrogatory responses, responses to requests for

5    admission, or deposition testimony. The parties expect to exchange confidential documents

6    and information including, but not limited to, trade secrets, confidential business information,

7    internal financial documents and/or individuals, internal policy manuals, procedures,

8    protocols, guidelines, and personal and confidential information of individuals, including but

9    not limited to personal health information. The parties agree that the entry of this Stipulated

10   Protective Order ("Protective Order") is warranted to protect against unauthorized disclosure

11   of such documents and information.

12        Based upon the above stipulation of the parties, and the Court being duly advised, IT IS

13   HEREBY ORDERED as follows:

14        1.    All documents, testimony, and other materials produced by the parties in this

15   case and labeled "Confidential" shall be used only in this proceeding.

16        2.    The parties, and third parties subpoenaed by one of the parties, may designate

17   as "Confidential" documents, testimony, written responses, or other materials produced in this

18   case containing: (1) personal and private information regarding any individual, including

19   current and former street addresses for natural persons, social security numbers, telephone

20   numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden

21   names, passwords, "health care information" within the meaning of RCW Ch. 70.02, and

22   "protected health information" within the meaning of the Health Insurance Portability and

23   Accountability Act of 1996 ("HIPAA"); (2) confidential business and financial information;

24   and (3) any information the producing party is obligated by contract or state, federal, or other

25   law to keep confidential. The party shall designate each page of the document with a stamp

26   identifying it as "Confidential," if practical to do so.

27

28   STIPULATED PROTECTIVE ORDER – 2
     CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

1      3.      Use of any documents labeled "Confidential" and subject to this Protective

2   Order, including the portion of any summary that reveals the substance of the document

3   designated as confidential shall be restricted solely to the litigation of this case and shall not

4   be used by any party for any business, commercial, or competitive purpose. This Protective

5   Order, however, does not restrict the disclosure or use of any information or documents

6   lawfully obtained by the receiving party through means or sources outside of this litigation,

7   except as required by HIPAA, RCW Ch. 70.02, or either statute's implementing regulations.

8   Should a dispute arise as to any specific  document, the burden shall be on the party claiming

9   that such  document was not lawfully obtained through means and sources outside of this

10  litigation.

11      4.      When filed, "Confidential" documents subject to this Protective Order shall be

12  filed under seal with the Court. The parties agree and trust that the Court follows its own

13  procedures and orders for management of sealed filings.

14      5.      Within thirty (30) days after receipt of the final transcript of the deposition of

15  any party or witness in this case, a party or the witness may designate as "Confidential" any

16  portion of the transcript that the party or witness contends discloses confidential information.

17  If the portion of the transcript designated as confidential is filed with the Court, it shall be filed

18  under seal.

19      6.      Use of any information, documents, or portions of documents marked

20  "Confidential," including the portion of any summary that reveals the substance of the

21  document designated as confidential shall be restricted solely to the following persons, who

22  agree to be bound by the terms of this Protective Order, unless additional persons are stipulated

23  in writing by counsel or authorized by the Court:

24          a.      Outside counsel and associated counsel for the parties, and the administrative
                    staff of outside counsel's firms.
25

26          b.      In-house counsel for the parties, and the administrative staff for each in-
                    house counsel.
27

28  STIPULATED PROTECTIVE ORDER – 3
    CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

c.     Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d.     Independent consultants, expert witnesses, or treating providers (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary. to further the interest of the parties in this litigation.

e.     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.     The authors and the original recipients of the documents.

g.     Any court reporter or videographer reporting a deposition.

h.     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

i.     Third party professionals, including but not limited to reinsurers, for the purpose of prosecuting, defending, and/or any settlement or mediation discussions or efforts.

7.     Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Only the principal of any consulting or expert business or service or any testifying expert witness described in paragraph 7(d) is required to sign Exhibit A.

8.     Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, provided the opposing party does not agree, the designating party may ask the Court to exclude from the room any person, other than persons designated in paragraph 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding. Nothing in this order shall prevent a party from objecting to the requested exclusion. Nothing in this order shall prevent

STIPULATED PROTECTIVE ORDER – 4
CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

the parties from seeking to use any document or deposition transcript at a deposition, pre-trial hearing or trial.

9.      Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

10.      The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows that a claim of confidentiality would likely be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, if necessary to comply with ethical obligations, the receiving party or its counsel shall inform the producing party of pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

11.      Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Other than for briefing and motions concerning intentional concealment, fraud, and fiduciary concealment, or as ordered by the Court, neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine

STIPULATED PROTECTIVE ORDER – 5
CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

12. Upon the request of the producing party or third party, within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all documents subject to this Protective Order. If any materials were originally produced in a format that is not electronic, upon request of the producing party, those returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

13. This Protective Order shall not constitute a waiver of any party's or non- party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

14. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

15. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

16. Notwithstanding any of the other provisions herein, any party who seeks discovery that would require the disclosure of health care information must comply with RCW Ch. 70.02, including RCW 70.02.060.

17. Notwithstanding any of the other provision herein, to the extent protected health information is sought from a non-party, the party seeking such information must comply with

STIPULATED PROTECTIVE ORDER – 6
CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

1    HIPAA and associated regulations.

2    18.    When a producing party gives notice to receiving parties that certain

3    inadvertently produced material is subject to a claim of privilege or other protection, the

4    obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure

5    26(b)(5)(B).

6    19.    The parties further agree that pursuant to Fed. R. Evid. 502(d), the production

7    of any documents, electronically stored information (ESI) or information, whether inadvertent

8    or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other

9    federal or state proceeding, constitute a waiver by the producing party of any privilege

10    applicable to those documents, including the attorney-client privilege, attorney work-product

11    protection, or any other privilege or protection recognized by law. This Section shall be

12    interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).    The

13    provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or

14    shall serve to limit a party's right to conduct a review of documents, ESI or information

15    (including metadata) for relevance, responsiveness and/or segregation of privileged and/or

16    protected information before production. Information produced in discovery that is protected

17    as privileged or work product shall be immediately returned to the producing party. A party

18    may assert the privilege and/or protection at any time in the litigation. After being notified of

19    the privilege or protection, the other party (a) must promptly return the specified information,

20    and any copies in its possession, custody, or control, (b) must make reasonable efforts to

21    retrieve and to prevent disclosure of the information, if the party disclosed it before being

22    notified, and (c) may not further use or discloses the information. A party opposing the claim

23    of privilege and/or protection must promptly present the information to the court under seal for

24    a determination of the claim.

25

26

27

28    STIPULATED PROTECTIVE ORDER – 7
CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

1   IT IS SO STIPULATED:

2

3   LEWIS BRISBOIS BISGAARD &          LAW OFFICE OF ROBERT BEATTY-
    SMITH LLP                          WALTERS
4

5   By: s/ *Jennifer Oetter*
       Jennifer Oetter, WSBA # 26140    By: ___*s/ Mary L. Pool*___
6      Jennifer.Oetter@lewisbrisbois.com    Robert Beatty-Walters, WSBA # 27767
       Meryl A. Hulteng, WSBA #58806        rbw@beattywalterslaw.com
7      Meryl.Hulteng@lewisbrisbois.com     Mary L. Pool, WSBA #29020
       *Attorneys for Defendants*          mlp@beattywalterslaw.com
8                                          *Attorneys for Plaintiff*

9

10  ARNOLD & PORTER KAYE SCHOLER LLP

11

12

13  By:   *s/ Ashley E.M. Gammell*
       Ashley E.M. Gammell, WSBA #50123
14     Katherine L. Hollingsworth, WSBA #61304
       1420 5th Avenue, Suite 1400
15     Seattle, WA 98101
       Phone: (206) 288-0110
16     Ashley.Gammell@arnoldporter.com
       Katie.Hollingsworth@arnoldporter.com
17
    *Attorney for Defendants*
18

19

20

21

22

23

24

25

26

27

28  STIPULATED PROTECTIVE ORDER – 8                    **Arnold & Porter Kaye Scholer LLP**
    CASE NO. 2:24-CV-00434-TOR                                U.S. Bank Center
                                                          1420 5th Avenue, Suite 1400
                                                             Seattle, WA 98101

1    The Court has reviewed the reasons offered in support of entry of this Stipulated

2    Protective Order and finds that there is good cause to protect the confidential nature of certain

3    information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

4

5    **IT IS SO ORDERED.**

6

7    Dated:  11/18/2025                              THOMAS O. RICE
                                                      U.S. DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    STIPULATED PROTECTIVE ORDER – 9
      CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Eastern District of Washington in the case of *Clarke et al. v.*

*Providence St. Joseph Health, et al.*, No. 2:24-CV-00434-TOR. I agree to comply with and to

be bound by all terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Signed

_____
Print Name

_____
City and State where sworn and signed

_____
Date

STIPULATED PROTECTIVE ORDER – 10
CASE NO. 2:24-CV-00434-TOR

**Arnold & Porter Kaye Scholer LLP**
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101