1

2

3

4

5                    UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   PATRICK CLARKE, an individual;
    CHRISTINE BAUKNECHT, an               NO. 2:24-CV-0434-TOR
8   individual; MARY ANN DAVIS, an
    individual; FREDA LORRIAINE           ORDER ON DEFENDANTS' RULE
9   TAYLOR, an individual,                26(c) MOTION FOR PROTECTIVE
                                          ORDER
10                       Plaintiffs,

11        v.

12  PROVIDENCE ST. JOSEPH
    HEALTH; PROVIDENCE HEALTH
13  & SERVICES; PROVIDENCE
    HEALTH AND SERVICES –
14  WASHINGTON D/B/A
    PROVIDENCE; PROVIDENCE ST.
15  MARY MEDICAL CENTER; AND
    PROVIDENCE MEDICAL GROUP
16  D/B/A PROVIDENCE MEDICAL
    GROUP SOUTHEAST
17  WASHINGTON NEUROSURGERY,
    A/K/A PMG NEUROSCIENCE
18  INSTITUTE, WALLA WALLA
    A/K/A NEUROSCIENCE
19  INSTITUTE D/B/A PROVIDENCE,

20                       Defendants.

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 1

1     BEFORE THE COURT are Defendants' Rule 26(c) Motion for Protective

2     Order (ECF No. 66) and Plaintiffs' Cross-Motion to Authorize Use of Companion

3     Case Discovery (ECF No. 68).  These matters were submitted for consideration

4     without oral argument.  The Court has reviewed the record and files herein and is

5     fully informed.  For the reasons discussed below, Defendants' Rule 26(c) Motion

6     for Protective Order (ECF No. 66) is DENIED in part and Plaintiffs' Cross-Motion

7     to Authorize Use of Companion Case Discovery (ECF No. 68) is GRANTED in

8     part.

9                                    **BACKGROUND**

10     This case arises out of claims regarding procedures for unnecessary spine

11     surgeries performed by Jason A. Dreyer, D.O. ("Dr. Dreyer") that stem from a

12     multitude of related cases in the Eastern District of Washington against Defendants

13     ("Providence").  ECF No. 1.  Previously, this Court granted in part Plaintiffs'

14     Motion for Discovery and continued Plaintiffs' response, Providence's reply, and

15     the hearing for Providence's Motion for Partial Summary Judgment.  ECF No. 63.

16     Plaintiffs requested use of discovery obtained in cases *Estes v. Providence Health*

17     *& Services – Washington, et al.*, 4:21-cv-5042-TOR ("*Estes*") and *Batten, et al. v.*

18     *Providence St. Joseph Health, et al.*, 2:23-cv-0097-TOR ("*Batten*") to use for their

19     arguments in Providence's summary judgment motion.  ECF No. 50.  The Court

20     expressed their weariness to proceed with normal discovery because of

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 2

1   Providence's history of court orders for compelling discovery.  ECF No. 65 at 6.

2   However, the Court decided to provide the parties the chance to proceed normally.

3   *Id.*  The Court encouraged the parties to make a proper effort to resolve the

4   discovery issues outside the court.  ECF No. 65 at 7.  On October 16, 2025, a

5   Stipulated Motion for Protective Order was filed and subsequently granted.  ECF

6   Nos. 65, 70.

7        On October 31, 2025, Providence filed a Motion for Protective Order.  ECF

8   No. 66.  Providence requests that they shall be allowed to continue reviewing and

9   producing documents in response to Plaintiffs' requests and provide a privilege log

10  by or on December 7, 2025.  ECF No. 66 at 11.  At this point, Providence has not

11  filed a privilege log.  The second request states that Providence shall not be

12  required to produce or stipulate to the use of all discovery produced in the

13  companion matters but instead review the documents for responsiveness to

14  discovery requests.  ECF No. 66 at 11.

15                         **DISCUSSION**

16       Under Federal Rule of Civil Procedure Rule 26(c), "A party or any person

17  from whom discovery is sought may move for a protective order."  FED. R. CIV. P.

18  26(c).  In this motion, the movant must include a certification that he or she have

19  acted in good faith to confer with the other parties to resolve the dispute outside

20  court action.  *Id.*  In that case, "[t]he court may, for good cause, issue an order to

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 3

1    protect a party or person from annoyance, embarrassment, oppression, or undue

2    burden or expense[.]" FED. R. CIV. P. 26.  The burden to show good cause is on the

3    movant of the motion by showing harm or prejudice will arise from the discovery.

4    *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).  If a court finds

5    particularized harm will result from disclosure of information to the public, then it

6    balances the public and private interests to decide whether a protective order is

7    necessary."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063–64 (9th Cir. 2004)

8    (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206,

9    1211 (9th Cir. 2002)).

10        For collateral litigants, as an initial matter, "the litigant[s] must demonstrate

11    the relevance of the protected discovery to the collateral proceedings and its

12    general discoverability therein."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

13    1122, 1132 (9th Cir. 2003).  Moreover, the Ninth Circuit "'strongly favors access

14    to discovery materials' for individuals engaged in other litigation because

15    '[a]llowing the fruits of one litigation to facilitate preparation in other cases

16    advances the interests of judicial economy by avoiding the wasteful duplication of

17    discovery.'"  *Fierro Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1207 (9th

18    Cir. 2025) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131

19    (9th Cir. 2003)).

20        Providence state the date of their meet and confer with Plaintiffs and provide

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 4

1  evidence of communications to show acts to confer.  ECF No. 66 at 5; 67.

2  Providence requests that the Court grant a protective order under Federal Rule of

3  Civil Procedure Rule 26(c).  ECF No. 66 at 11.  Providence argues Plaintiffs'

4  request for Production Nos. 1 and 2 and their Stipulated Discovery Plan are

5  overboard and not specific to their needs for this case.  ECF No. 66 at 7.

6  Additionally, they state that there is no presumption of discoverability for

7  companion matters.  ECF No. 66 at 9.  Plaintiffs respond that Providence fails to

8  show good cause under Rule 26(c).  ECF No. 68 at 10.  Additionally, they argue

9  that this argument is barred by Collateral Estoppel, inconsistent with judicial

10  economy and this Court's direction.  ECF No. 68. at 11.

11      Providence must show good cause.  Providence states that good cause exists

12  because the discovery requested is overbroad and not proportional to their needs.

13  ECF No. 66 at 7.  Providence argues that Plaintiffs request allows "unlimited

14  access to a large volume of discovery" from seven other cases but does not specify

15  a connection between their claims and defenses.  ECF No. 66 at 7.  Providence

16  furthers that this request is overbroad and disproportionate because the discovery

17  in the other cases include matters not relevant to this case.  *Id.*  Providence states

18  that Plaintiffs are not parties to cases such as *Estes*, *Batten*, *Palmer v. Dreyer et al.*,

19  Spokane County Case. No. 21-2-01299-32 ("*Palmer*"), *Isabel Lindsey and Charles*

20  *Lindsey v. Jason A. Dreyer, DO, et al.,* Spokane County Case. No. 23-2-04365-32

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 5

1   ("*Lindsey*"), *Glenda Rae et al. v. MultiCare Health System et al.*, Spokane County

2   Case. No. 22-2-06780-8 ("*Rae*") or *Caroline Angulo et al. v. Providence Health &*

3   *Services – Washington et al.*, W.D. Wash. Case No. 2:22-cv-00915-JLR

4   ("*Angulo*").  ECF No. 66 at 8.  Providence expressed willingness to discuss

5   "factual categories of documents from the Companion Matters to Produce on a

6   priority basis" as long as Plaintiffs reconsider their position on the matter.  ECF

7   No. 66 at 8.  Providence also raises a concern of attorney-client privilege for

8   requests of documents showing specific crimes such as fraudulent concealment and

9   corporate negligence.  ECF No. 66 at 8.   Providence requests that, despite *Batten*,

10  they should be allowed to consider their position regarding privilege in this case.

11  ECF No. 66.

12      Plaintiffs' respond that Providence did not show good cause because they

13  did not identify a concrete harm.  ECF No. 68 at 10.  Plaintiffs' filed Cross-Motion

14  to Authorize Use of Companion Case Discovery in their response to Providences'

15  Motion for Protective Order.  ECF Nos. 68; 66.  Plaintiffs request that they may

16  use the discovery and deposition materials previously ordered for production or

17  permitted for use from *Estes* and *Batten*, including *Palmer*, to avoid duplicative

18  motions and lower the burden on the parties.  ECF No. 68 at 11.

19      In the court's previous Order, the Court denied the use of *Batten* and *Estes*

20  but stated that it was open to reconsidering this request.  ECF No. 63 at 7.

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 6

1   Notably, the Court recognizes that Plaintiffs request the use of only three cases:

2   *Batten*, *Estes*, and *Palmer*.  ECF No. 68 at 11.

3       Providence alludes to the burden and the proportionality of the requests as a

4   harm.  ECF No. 66 at 7.  The relevance of this discovery relates to similar issues

5   and allegations regarding Providence.  As mentioned in the Court's previous

6   Order, *Batten* and *Estes* are particularly informative on this matter.  ECF No. 63 at

7   7.  As such, the Court will follow *Batten's* precedent.

8       Based on the history of this case, related matters, and to prevent prolonging

9   this case, the Court grants Plaintiffs' cross-motion in part and denies Providence's

10  Motion for Protective Order in part.  Similarly, for *Estes*, *Batten*, and *Palmer*,

11  Plaintiffs are permitted to use discovery produced in these cases related to the *qui*

12  *tam* action subject to the same redaction requirements such as personally

13  identifying information of individuals other than Plaintiffs.  This should resolve

14  any concerns regarding confidential information regarding other individuals.

15  Similarly to *Batten*, if Plaintiffs wish to seek additional materials or discovery,

16  including from cases not addressed in this Order, Plaintiffs must identify with

17  specificity the relevant documents sought and explain why they are necessary.

18  //

19  //

20

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 7

1   **ACCORDINGLY, IT IS HEREBY ORDERED:**

2     1. Defendants' Rule 26(c) Motion for Protective Order (ECF No. 66) is

3     **DENIED in part.**

4     2. Plaintiffs' Cross-Motion to Authorize Use of Companion Case

5     Discovery (ECF No. 68) is **GRANTED in part.**

6     The District Court Executive is directed to enter this Order and furnish

7 copies to counsel.

8     DATED January 12, 2026.

9



10              THOMAS O. RICE
United States District Judge

11

12

13

14

15

16

17

18

19

20

ORDER ON DEFENDANTS' RULE 26(c) MOTION FOR PROTECTIVE
ORDER ~ 8